# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VICENTE WAYNE LADUA,

    Defendant.

Case No. 2:13-CR-00386-KJD-PAL

**ORDER**

      Presently before the Court is Defendant's Motion to Withdraw Guilty Plea (#50). The Government filed a response in opposition (#52) to which Defendant replied (#53). In addition to the briefing and exhibits of the parties, the Court incorporates the evidentiary hearing held on January 27, 2015.

I. Background

      Defendant signed a plea agreement and pled guilty to Counts I and III of the Indictment (#1) on August 12, 2014. On October 8, 2014, Defendant's counsel filed a Motion to Withdraw as Counsel (#40). The motion was granted on October 28, 2014, and new counsel was appointed the same day. After granting a motion to continue sentencing, in order to allow a psychological examination of Defendant, Defendant filed this Motion to Withdraw Guilty Plea on January 20, 2015.

II. Standard for Withdrawing Guilty Plea Pre-Sentence

A defendant's motion to withdraw guilty plea is governed by Rule 11(d)(2) of the Federal Rules of Criminal Procedure. The Rule allows withdrawal after the court accepts the plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. Pr. 11(d)(2)(B); *see also* United States v. Davis, 428 F.3d 802, 805 (9th Cir. 2005). The decision to allow withdrawal of a guilty plea is a matter within the discretion of a district court. United States v. Ensminger, 567 F.3d 587, 590 (9th Cir. 2009). A court need not find that a plea was invalid as a condition to granting relief under Rule 11(d)(2). See United States v. Ortega–Ascanio, 376 F.3d 879, 884. "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." Id. at 883. That court held that it was error for the district court to require a showing that the plea was invalid as a condition to obtaining relief under Rule 11(d)(2)(B).

Furthermore, the United States Supreme Court warns that a defendant's change of heart does not require a trial court to bow to his wishes whenever he comes to regret his decision. United States v. Hyde, 520 U.S. 670, 676 (1997). In Hyde, the Supreme Court wrote:

> "Given the great care with which pleas are taken under [the] revised Rule 11, there is no reason to view pleas so taken as merely 'tentative,' subject to withdrawal before sentence whenever the government cannot establish prejudice. 'Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however, a guilty plea is no such trifle, but a "grave and solemn act," which is "accepted only with care and discernment." ' " [Citations.]

Id. at 676–77; see also United States v. Barker, 514 F.2d 208, 221 (D.C.Cir.1975). Thus, despite the admonition to apply Rule 11(d)(2) "liberally," the circuit, in affirming district court denials of motions to withdraw, has recognized that a defendant must make a real showing to obtain relief,

2

which requires more than evidence of buyer's remorse. <u>Ensminger</u>, 567 F.3d at 592–93 (out-of-circuit district court decision granting dismissal on commerce clause grounds not "intervening circumstance" requiring withdrawal of guilty plea); <u>United States v. Hardimon</u>, 700 F.3d 940, 944 (7th Cir. 2012)(Judge Posner holding that Defendant claiming impairment due to Prozac use must present the affidavit of a qualified psychiatrist before withdrawing plea); <u>United States v. Showalter</u>, 569 F.3d 1150, 1155 (9th Cir.2009) (reassessment of strength of prosecution's case not "intervening circumstance" or "newly discovered" evidence within the meaning of the rule); <u>United States v. Briggs</u>, 623 F.3d 724, 728 (9th Cir.2010) (claimed lack of understanding of consequences of guilty plea, including potential severity of the sentence, not grounds for granting a motion to withdraw plea); <u>United States v. Michlin</u>, 34 F.3d 896, 899 (9th Cir.1994) (defendant not permitted to withdraw guilty plea based on counsel's erroneous prediction regarding court's sentence). Likewise, counsel's failure to raise or pursue meritless defenses or legal challenges to the prosecution's case is not a ground for relief under Rule 11(d)(2)(B). <u>Id.</u> at 900–01.

III. Analysis

In his briefing and at the hearing of the matter, Defendant essentially asserted three reasons that withdrawing his plea was fair and just. First, Defendant asserted that his plea was not knowing and voluntary because he was impaired by the Prozac that he took for depression and Post Traumatic Stress Disorder ("PTSD"). Second, Defendant asserted that his counsel failed to investigate adequately the defenses available to him, including his mental state. Finally, Defendant asserted that the Court failed to make an adequate canvas of his mental state and possible impairment due to his PTSD and use of Prozac.

As to each of these claims, the Court first finds Defendant's factual assertions not credible. Defendant's testimony at the evidentiary hearing was full of unbelievable statements, contradictions and lies. For example, Defendant testified that he did not discuss his mental health conditions with his counsel prior to his plea. However, in virtually the next sentence, Defendant admits to telling his counsel about the medication that he was taking. Defendant also denied having made statements, or

3

Case 2:13-cr-00386-KJD-PAL   Document 55   Filed 01/29/15   Page 4 of 5

asserted that he could not remember making statements, to the Court during the plea colloquy that he was satisfied with his counsel, understood the terms of the plea agreement, and he was taking medication, as prescribed, but that it did not interfere with his ability to understand the proceedings. However, the transcript clearly showed that Defendant had made those statements. Furthermore, the Court observed the demeanor of Defendant at the change of plea hearing. Defendant was responsive to the Court's questions, asked for clarification when he did not understand something, and was alert throughout the proceedings. Finally, Defendant, during cross-examination at the evidentiary hearing on this motion, denied having spoken by telephone from the detention center to two different women whom he told that he was going to withdraw his plea because he was unhappy with the probable twenty-year sentence and he thought he could do better. When his memory was refreshed by recordings of the phone calls, he admitted to having made those statements. Thus, the Court found Defendant's testimony totally unbelievable.

   Having found Defendant's self-serving statements that he was impaired and did not make a knowing and voluntary guilty plea not credible, the Court examines the record for other evidence showing a fair and just reason for withdrawing the plea. Defendant asserts that his attorney did an inadequate investigation of his mental health before allowing him to plead guilty. However, the only evidence in the record supporting this claim is that his counsel was aware that he suffered from depression and PTSD and took medication to treat those conditions. There is no evidence in the record suggesting that Defendant was impaired by those facts. In fact, the post-plea mental health evaluation suggests that Defendant was keenly aware of what he was doing and that no facts exist that would have put his pre-plea counsel on notice that further investigation must be conducted.[1] Since no facts existed which would require different action by his counsel, Defendant has failed to show that his counsel's actions, or inactions, are a fair and just reason for withdrawing his plea.

---

[1] The Court recognizes that even if counsel had requested a pre-plea mental health evaluation the outcome would have been the same. The treating health professionals in the detention center frequently noted that Defendant was alert and aware, supporting the findings of the post-plea evaluation.

4

Similarly, Defendant's reasoning that the Court failed to adequately investigate his mental health condition at the change of plea hearing fails to demonstrate a fair and just reason for withdrawal of the plea. As noted previously, the Court was careful to observe the demeanor and responsiveness of Defendant to the Court's questions. Other than Defendant's responsive statement that he was taking Prozac to treat his PTSD, Defendant has adduced no evidence showing that more investigation was required. Furthermore, it is clear from the record that Defendant knew precisely what he was doing. Defendant readily asked questions for clarification or stated that he did not understand a particular point or issue. The Court readily explained salient points to Defendant and asked Defendant to state the facts in his own words. There was no indication from any of these interactions that the Court needed further investigation to determine Defendant's competence.

Thus, Defendant has failed to show a fair and just reason for requesting withdrawal as required by Rule 11.[2] Defendant adduced no evidence of an inadequate Rule 11 plea colloquy, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea. See Ortega–Ascanio, 376 F.3d at 883. Accordingly, the Court denies his motion to withdraw his plea.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Withdraw Guilty Plea (#50) is **DENIED**.

DATED this 29th day of January 2015.

Kent J. Dawson
United States District Judge

---

[2] The Court incorporates its reasoning and analysis at the conclusion of the motion hearing.

5