UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>VICENTE WAYNE LADUA,<br><br>　　　　　　　　　　　　Defendant. | Case No. 2:13-cr-00386-KJD-PAL<br><br>**ORDER – Denying Motions for Sentence Reduction** |

　　Presently before the Court are Defendant's two pro se motions for a sentence reduction pursuant to 18 U.S.C. 3582(c). (#88/84). Under General Order 2023-09, the Federal Public Defender's Office was appointed to determine whether Defendant qualified for his requested relief and was required within 30 days of a pro se motion for relief under Amendment 821 to file a contested motion, a joint stipulation for a sentence reduction, or a notice of non-eligibility. Here, the FPD's office filed a notice of non-eligibility, explaining that upon review of Defendant's "pro se filing (ECF No. 88) and additional relevant documents," it was determined that he "does not qualify for a sentence reduction." (#90). For the reasons stated below, Defendant's motion is denied.

I.　　Factual and Procedural Background

　　On January 27, 2015, Defendant was sentenced to two hundred forty (240) months' imprisonment for committing the offenses of Carjacking, in violation of 18 U.S.C. § 2119, and Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (#57). Defendant now moves the Court for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines and requests that counsel be appointed on his behalf. (#88/84).

II.　　Legal Standard

　　A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). Section 3582(c)(2) establishes an exception to the general of finality. Dillon v. United States, 560 U.S. 817, 824 (2010). Specifically, § 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission . . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. 3582(c)(2). Thus, under Section 3582(c)(2), the analysis is twofold.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guideline range. Dillion, 560 U.S. at 826. Second, the Court must consider the applicable § 3553(a) factors and determine whether, in its discretion, such a reduction is consistent with policy statements issued by the Sentencing Commission. Id. at 827.

III.  Analysis

Between Defendant's two motions, he argues that (1) both parts of Amendment 821 apply to him; (2) his sentence was greater than necessary to achieve the sentencing purposes outlined in 18 U.S.C. § 3553(a); and (3) he requests counsel be appointed on his behalf.[1] (#88/84). The Court will first determine the applicability of Amendment 821 to Ladua.

**A. Amendment 821**

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023). Amendment 821 is bifurcated into Parts A and B. The Court begins by examining Defendant's eligibility for a sentence reduction under Part A.

   i.  Part A

"Part A of Amendment 821 limits the overall criminal history impact of 'status points' . . . under § 4A1.1 (Criminal History Category)." Id. at 60535. Specifically, regarding "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who

---

[1] In Defendant's initial sentence reduction motion, he also argues that "Amendment 750 should apply to [him]," yet provides no supporting evidence of its application or any legal precedent to substantiate this claim. (See #84, at 1). As such, the Court finds this argument to be meritless on its face.

otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points. Here, Defendant did not receive any "status points" when he was sentenced, thus he is not eligible for a sentence reduction under Part A of Amendment 821. (See PSR, at 15).

Moreover, even if he did receive "status points," Defendant would be ineligible for a sentence reduction under Part A because the application of Amendment 821 does not lower his guideline range. Ladua had 21 criminal history points at sentencing, placing him in criminal history category VI. Id. With a total offense level of level of 26 and a criminal history category of VI, Ladua had a guideline range of 120 to 150 months' imprisonment. Id. at 24. However, even with a deduction of two status points, Defendant would still fall into criminal history category VI. Thus, Ladua would still have a guideline range of 120 to 150 months' imprisonment.

  ii. Part B

Part B, Subpart 1 of Amendment 821 provides for a two-level reduction in the offense level for certain zero-point offenders with no criminal history and whose instant offense did not involve specified aggravating factors. Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023). At the time of sentencing, Defendant had 21 criminal history points, indicating that he was not a zero-point offender, and thus, he is ineligible for a sentence reduction under Part B of Amendment 821. (See PSR, at 27).

  **B. 18 U.S.C. § 3553(a) Sentencing Factors**

Defendant argues that his sentence of 240 months was "greater than necessary to achieve the sentencing purposes set out by 18 U.S.C. § 3553(a)" and that "the sentence was greater than necessary to deter him from future offenses." (#88, at 5). The Court disagrees. Under 18 U.S.C. § 3553(a), the Court, in determining the particular sentence to be imposed, shall consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care, or other rehabilitation;

(5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1)-(7). An analysis under § 3553(a) involves considering the totality of the circumstances, but the Court does not need to tick off each of the factors to show that is has considered them. United States v. Dunn, 728 F.3d 1151, 1159 (9th Cir. 2013). Here, the applicable § 3553(a) factors unequivocally support the 240-month sentence imposed by the Court.

Ladua has a lengthy criminal history, dating back to 2002 at the age of 19. (PSR, at 9). In 2002, Ladua pleaded guilty to battery constituting domestic violence. Id. In 2003, again, Ladua pleaded guilty to battery constituting domestic violence. Id. Later, in 2003, Ladua pleaded nolo contendere to battery constituting domestic violence. Id. In 2004, Ladua pleaded guilty to conspiracy to commit robbery. Id. at 10. In 2009, again, Ladua pleaded guilty to battery constituting domestic violence, as well as home invasion. Id. at 12. In 2011, Ladua, again, pleaded nolo contendere to battery constituting domestic violence. Id. at 13. In 2012, Ladua, again, pleaded nolo contendere to battery constituting domestic violence. Id. at 14. In 2013, Ladua pleaded guilty to attempted battery with substantial bodily harm. Id.

Although Ladua served prison time for some of these offenses, his continuous and blatant disregard for the law and safety of others demonstrates that these brief periods of incarceration were ineffective in deterring him from future criminal activities. Furthermore, a review of Ladua's 11-year criminal history has revealed an escalation in the severity of his crimes. Regarding his last felony conviction, the victim was hospitalized for seven days in the Intensive Care Unit, with multiple injuries that included a left frontal skull fracture, subarachnoid hemorrhage, left mandible fracture, and left maxillary sinus facture. Id. While in intensive care, the victim underwent numerous surgeries to remove parts of his nasal cavity and have titanium

plates installed in his face. Id. Therefore, after reevaluating the applicable § 3553(a) factors—such as the nature and circumstances on the instant offense, Ladua's lengthy criminal history, the need to afford adequate deterrence, and the need to protect the public—the Court again finds that a 240-month sentence is justified.

### C. Appointment of Counsel

Finally, Ladua requests that the Court appoint him counsel. (#88, at 6; #84, at 1). The right to appointed counsel extends to the first appeal of right, and no further. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Instead, the decision to appoint counsel in post-conviction proceedings rests with the discretion of the district court. United States v. Harrington, 410 F.3d 598, 600 (9th Cir. 2005). Here, Ladua's motions fail to make any allegations that constitute the type of exceptional circumstances that would warrant the appointment of counsel. As such, the Court denies Ladua's request.

### IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's motions for a sentence reduction pursuant to 18 U.S.C. 3582(c) (#88/84) are **DENIED**.

Dated this 28th day of June 2024.

_____
Kent J. Dawson
United States District Judge